Matter of Srulowitz (2024 NY Slip Op 03013)

Matter of Srulowitz

2024 NY Slip Op 03013

Decided on June 04, 2024

Appellate Division, First Department

PER CURIAM 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels,J.P.,
David Friedman
Tanya R. Kennedy
Manuel J. Mendez
Llinét M. Rosado, JJ.

Motion No. 2024-00782 Case No. 2024-00941 

[*1]In the Matter of Marvin Srulowitz, a Suspended Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Marvin Srulowitz (OCA ATTY. REG. NO. 1545581), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Marvin Srulowitz, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on February 6, 1973.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.
Respondent pro se.

PER CURIAM 

Respondent Marvin Srulowitz was admitted to the practice of law in the State of New York by the First Judicial Department on February 6, 1973. Respondent's last registered address was in the Second Judicial Department, but this Court has continuing jurisdiction over this matter as the admitting Judicial Department (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).
In 2013, as part of a mass suspension proceeding, this Court suspended respondent from the practice of law for his failure to file attorney registration statements and pay biennial registration fees in violation Judiciary Law § 468-a. To date, respondent has not been reinstated and remains suspended in New York.
Respondent now moves for an order accepting his resignation as an attorney and counselor-at-law licensed to practice in the State of New York. Respondent acknowledges in his affidavit that there is a pending investigation against him related to his unauthorized practice of law while his suspension was in effect and that he cannot successfully defend against those allegations of misconduct. Respondent has further acknowledged that his resignation is freely and voluntarily rendered, that he has not been subject to coercion or duress and that he is fully aware of the implications of the tender of resignation. The Attorney Grievance Committee supports respondent's affidavit of resignation, which complies with the requirements set forth in 22 NYCRR 1240.10.
Accordingly, the motion should be granted, respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors at-law in the State of New York, effective nunc pro tunc to January 4, 2024.
All concur.
It is Ordered that the application of respondent to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted and respondent, Marvin Srulowitz, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 4, 2024, and,
It is further Ordered that, pursuant to Judiciary Law § 90, respondent, Marvin Srulowitz, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application [*2]or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent, Marvin Srulowitz, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Marvin Srulowitz, has been issued a secure pass by the Office of Court Administration, it shall be returned to the issuing agency forthwith.
Entered: June 4, 2024